IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: <br> DOROTHY FLAGA, <br><br> Debtor | ) <br> ) <br> ) <br> ) <br> ) | Chapter 13 <br><br> Case No. 12-27210 <br> Judge Jack B. Schmetterer |
| DOROTHY FLAGA, <br><br> Plaintiff, <br><br> -vs- <br><br> ASTORIA FEDERAL MORTGAGE CORP. AND BMO HARRIS BANK, N.A., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 12 A 1103 |

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

On August 30, 2012, Dorothy Flaga, the Plaintiff in this adversary action and the debtor in voluntary bankruptcy case before this Court, came before this Court for hearing upon proper notice. The Court, having reviewed and considered the Complaint and Exhibits thereto and being otherwise fully advised in the premises, and having entered an Order of Default, now makes and enters the following Findings of Fact and Conclusions of Law and separately enters judgment in favor of Plaintiff in this matter.

## FINDINGS OF FACT

1. Plaintiff is the owner of improved parcel of residential real estate ("Real Estate") commonly known as 100 Lincoln Street, Glenview, Illinois 60025 and legally described as follows:

2. LOT 12 IN BLOCK 16 IN GLENVIEW PARK MANOR, A SUBDIVISION IN THE SOUTHEAST QUARTER OF SECTION 12, TOWNSHIP 41 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN AS PER PLAT RECORDED JULY 25, 1944 AS DOCUMENT 13326154, IN COOK COUNTY, ILLINOIS.

   PIN: 09-12-438-042

3. The Real Estate is the Plaintiff's principal residence.

4. An appraisal was conducted by Jon Gutstein and a copy of said appraisal was attached to the Complaint. The appraisal states that the fair market value of the Real Estate is $212,000.00

5. Astoria Federal Savings Bank holds a first mortgage lien on the Real Estate and as of the Petition Date there was due and owing on said mortgage at least $340,000.00.

6. The defendant ASTORIA FEDERAL MORTGAGE CORP. holds a junior mortgage (second lien) originally granted in the amount of $28,280.00 recorded in the Office of the Recorder of Cook County Illinois on June 6, 2005 as Document Number 0515755031 and re-recorded on December 9, 2005 as 053435002.

7. The defendant BMO HARRIS BANK, N.A. holds a junior mortgage (third lien) originally granted in the amount of $66,396.00 recorded in the Office of the Recorder of Cook County Illinois on July 27, 2006 as Document Number 0608846030.

8. The Debtor's Chapter 13 Plan provides that the defendants' claim will be treated as an unsecured non priority claim.

## CONCLUSIONS OF LAW

1. Jurisdiction lies under 28 USC Section 1334(b) to adjudicate, approve and enforce the Debtor's effort by Chapter 13 Plan to determine through confirmation and completion of such Plan that the Defendant's junior mortgage will no longer by secured.

2. This is a core proceeding under 28 USC Section 157(b)(2)(k) to determine the validity of a lien and is a proceeding to value the Defendant's claim under Bankruptcy Rule 3012.

3. Pursuant to 11 USC 1322(b)(2), a lien upon residential real estate which is the debtor's principal residence cannot ordinarily be modified. A wholly unsecured lien however can however be avoided and cancelled and may thereafter be eliminated through a Chapter 13 Plan. See First Bank, Inc. vs. Van Wie, 2003 WL 1563959(S.D. Ind.2003); In Re Mann, 249 B.R. 831, 840 (1st Cir BAP 2000); In Re Pond, 2001 U.S.App.Lexis 11287 (2nd Cir. 2001); In re McDonald, 205 F.2d 606 (3rd Cir 2000); Bartee vs. Tara Colony Homeowners Assoc, 212 F.3d 277 (5th Cir. 2000); In re Lam, 211 B.R. 36 (9th

Cir BAP 1357); In Re Tanner, 217 F.3d 1357 (11th Cir); There cannot be any equity securing the lien at the time of valuation, and the lien must be wholly unsecured to be avoided and cancelled. At the time of filing, the amount due of the first mortgage exceeded the value of the Real Estate; therefore the Defendants' mortgage lien is wholly unsecured and may be avoided and cancelled.

4. The Defendants' lien has been proven to be wholly unsecured and pursuant to 11 USC 506 can be cancelled upon successful completion of the Debtor's Chapter 13 Plan

5. The secured claim of the Defendants' against the Real Estate located at 100 Lincoln Street, Glenview, Illinois 60025, is valued at zero.

6. The Plaintiff is entitled to a Judgment Order declaring that, upon successful completion of the Debtor's Chapter 13 Plan and entry of debtor's discharge, the lien of the Defendant will be rendered null and void. The Court retains jurisdiction to enter orders in aid of this judgment after the debtor's discharge.

Date: 9/13/12

United States Bankruptcy Judge

SEP 13 2012

Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, IL 60065
847 564 0808